# PROVIDENCE COUNTY.

———◆———

## DEXTER A. ALDRICH *vs.* BENJAMIN H. ALDRICH.

Bequest as follows:
"I give and bequeath to my brother, Benjamin H. Aldrich, ten of my shares in the capital stock in the Smithfield Lime Rock Bank, in trust for the use and benefit equally of my two brothers, Alpheus B. Aldrich and Dexter A. Aldrich, to be appropriated to each of their sole uses and benefits at his discretion; and if either of them shall die during the lifetime of my said brother Benjamin, my will is that he cause suitable marked stones to be erected at his or their graves, and that the expenses thereof be paid out of this bequest; and if any of this bequest so left in trust shall remain after the decease of my said brothers, my will is that the amount so left, if any, shall be divided equally between my said brother Benjamin H. Aldrich and my brother Cyrus C. Aldrich:"

*Held,* to create a trust and not a mere power to be exercised at the discretion of Benjamin H. Aldrich.

In doubtful cases the court leans to an interpretation which creates a trust rather than an arbitrary power.

BILL IN EQUITY to enforce certain testamentary trusts. The respondents demurred to the bill.

*July* 13, 1878. DURFEE, C. J. This is a suit in equity to enforce the trusts of the following bequest contained in the will of the late Hannah Dexter, dated July 5, 1844, and admitted to probate April 26, 1845, to wit :

" I give and bequeath to my brother, Benjamin H. Aldrich, ten of my shares in the capital stock in the Smithfield Lime Rock Bank, in trust for the use and benefit equally of my two brothers, Alpheus B. Aldrich and Dexter A. Aldrich, to be appropriated to each of their sole uses and benefits at his discretion ; and if either of them shall die during the lifetime of my said brother Benjamin, my will is that he cause suitable marked stones to be erected at his or their graves, and that the expenses thereof be paid out of this bequest ; and if any of this bequest so left in trust shall remain after the decease of my said brothers, my will is that the amount so left, if any, shall be divided equally be-between my said brother Benjamin H. Aldrich and my brother Cyrus C. Aldrich."

The bill alleges that the ten shares were transferred to the defendant, the said Benjamin H. Aldrich, July 9, 1845 ; that the said Alpheus B. Aldrich died on or about September 25, 1876 ; that the defendant has received the income and profits of the ten shares ever since they were transferred to him ; that he has withheld from the complainant, the said Dexter A. Aldrich, all benefit, use, and advantage of said shares, and, though frequently requested, has refused to allow the complainant any use or benefit from said shares or the income and profit arising therefrom.

The bill prays for a decree ordering the defendant to carry into execution the trusts aforesaid, to render an account of said shares of stock and of the income and profits thereof, to pay over the income and profits thereof to the complainant, and for general relief.

The defendant demurs to the bill, and contends that under the clause above recited he has a discretionary and arbitrary power, to be exercised or not, as he may see fit, and that he is not charged with any absolute or imperative trust in favor of the complainant.

We think it is very clear that the clause creates, not a mere arbitrary power, but a trust. It makes the defendant the legal

owner of the property, bequeathing it to him expressly " in *trust* for the *use* and *benefit equally* of my two brothers," to be appropriated " to each of their *sole* uses and benefits at his, the defendant's, discretion." Throughout the clause the bequest is uniformly spoken of as a trust. The ten shares are for the use of the two brothers *equally*, and are to be appropriated to their *sole* use and benefit by the defendant at his discretion. The defendant has a discretion over the appropriation, but not an option to appropriate or not. We think he is imperatively required to appropriate the income, at least, of the ten shares, equally to the use of the two brothers, the discretion, to be exercised in good faith, being given him only over the time and manner of the appropriation. Any construction less favorable than this to the two brothers would be inconsistent alike with the language and manifest intention of the bequest. We do not attach any importance to the limitation over on the contingency that some part of the bequest may remain unappropriated ; for if the trustee's discretion were exercised in perfect good faith the principal fund, or some portion of it, would be very likely to remain unused.

We have been referred by counsel to many cases and authorities. In all cases the object of the court is to ascertain and carry into effect the intention of the testator ; but in doubtful cases, where the question is between a trust and an arbitrary power, the leaning is in favor of a trust. Perry on Trusts, § 508. We find nothing in the books to shake our confidence in the construction which we have adopted.

We think the complainant is entitled to an account of the income of the ten shares, and, unless there is some good reason to prevent, to have his portion of the income paid over him. What his portion is — whether he is entitled by survivorship to the whole of it, or still remains, notwithstanding the death of his brother Alpheus, entitled to only half of it — is a question which suggests itself, but upon which, inasmuch as it has not been discussed, we express no opinion. Perhaps it may be properly reserved until the coming in of the master's report.

The demurrer is overruled, and, unless the defendant wishes to answer the bill, the case will be sent to a master to take the account.                                              *Demurrer overruled.*

*Lapham & Rockwood*, for complainant.

*Charles Hart*, for respondent.